FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 20, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGER W. FLOOK, JR.,<br><br>                Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, LIESL PAVLIC, JOSHUA LANDSVERK, and DOES I – XX, inclusive,<br><br>                Defendants. | NO. 2:25-CV-0135-TOR<br><br>ORDER OF REMAND |

BEFORE THE COURT is Plaintiff's Motion for Remand (ECF No. 2). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Remand (ECF No. 2) is **GRANTED in part**.

ORDER OF REMAND ~ 1

**DISCUSSION**

Plaintiff is a pro se prisoner housed at the Airway Heights Corrections Center ("AHCC"). On February 11, 2025, Plaintiff filed this action in the Spokane County Superior Court alleging an Eighth Amendment claim and various state law claims regarding medical care he received while at AHCC between December 17, 2021 and January 18, 2022. ECF No. 1-1. Defendants removed the action to this Court on April 24, 2025 on the basis of federal question jurisdiction, 28 U.S.C. § 1331. ECF No. 1. Plaintiff subsequently filed a motion for remand on May 7, 2025 and on May 19, 2025 filed a motion in the Spokane County Superior Court to amend his complaint to substitute his Eighth Amendment claims with state constitutional claims. ECF Nos. 2, 3. The motion to amend filed in state court appeared as a Notice of Filing on this Court's docket. Defendants request the Court construe the Notice as a motion to dismiss Plaintiff's federal claims with prejudice thereby requiring remand or in the alternative deny the motion for remand. ECF No. 5 at 3.

Plaintiff filed a late reply after the motion hearing deadline had passed arguing the Notice of Filing should be construed as a motion to amend rather than a motion to dismiss with prejudice. ECF No. 7 at 2-3. Plaintiff's only objection to a dismissal with prejudice is that he would be prevented from converting the federal claim into a state constitutional claim. *Id.* at 2. However dismissing the

ORDER OF REMAND ~ 2

1  federal claim will not prevent Plaintiff from amending his complaint in state court

2  to add the state constitutional claim.  Therefore, due to Plaintiff's late filing and

3  lack of any additional objection to a dismissal of the federal claim with prejudice,

4  the Court will dismiss Plaintiff's Eighth Amendment claim with prejudice.  Fed. R.

5  Civ. P. 41(a)(2).  Because the basis for federal question jurisdiction has been

6  dismissed, and because the parties are not alleged to be of diverse citizenship, there

7  is no basis for continued federal subject-matter jurisdiction in this case.

8  Accordingly, this matter shall be remanded to state court.  28 U.S.C. § 1447(c).

9  **ACCORDINGLY, IT IS HEREBY ORDERED:**

10    1. Plaintiff's Motion for Remand (ECF No. 2) is **GRANTED in part**.

11       Plaintiff's **federal** claims are **DISMISSED** with prejudice.

12    2. This case is hereby **REMANDED** to Spokane County Superior Court for

13       all further proceedings concerning Plaintiff's state law claims.

14    The District Court Executive is directed to enter this Order and furnish

15  copies to counsel and Plaintiff, mail a certified copy of this Order to the Clerk of

16  the Spokane County Superior Court, and **CLOSE** the file.

17    DATED June 20, 2025.



19           THOMAS O. RICE
         United States District Judge

ORDER OF REMAND ~ 3